OPINION
{¶ 1} Defendant-appellant, Cigna Property and Casualty Insurance Company ("Cigna"), appeals the decision of the Butler County Court of Common Pleas denying its motion for summary judgment and granting the summary judgment motion of third-party defendant, BTR Dunlop, Inc. We reverse the common pleas court's decision and remand the case for further proceedings in light of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849.
 {¶ 2} On February 16, 1997, an automobile driven by Jeffery Wigglesworth veered left of center and struck an automobile driven by John Littrell, Jr. ("Mr. Littrell"). Mr. Wigglesworth, Mr. Littrell, and one of Mr. Littrell's passengers, Stella Pratt, were killed in the accident. Dennis Littrell, Suzanne Littrell, and Mr. Littrell's wife, Ina, were also passengers in Mr. Littrell's automobile, and suffered injuries as a result of the accident.
 {¶ 3} At the time of the accident, Mr. Littrell was an employee of BTR Dunlop, Inc. ("BTR"), which had a business auto insurance policy with Cigna. The record does not make clear whether Mr. Littrell was operating within the scope of his employment at the time of the accident. After settling their claims against Mr. Wigglesworth, Ina Littrell, both individually and as administratix of the estate of John Littrell, Jr., Naomi Gadberry, as administratrix of the estate of Stella Pratt, Dennis Littrell, and Suzanne Littrell (hereafter referred to as "appellees") filed a complaint seeking a declaratory judgment against Cigna. Appellees sought a determination that they were entitled to uninsured/underinsured motorist ("UM/UIM") coverage under BTR's policy with Cigna. Cigna subsequently filed a third-party complaint against BTR, alleging that BTR was required to pay a one million dollar deductible if appellees were entitled to coverage.
 {¶ 4} Cigna filed a motion for summary judgment against appellees and BTR. BTR filed a motion for summary judgment against Cigna. The common pleas court denied Cigna's summary judgment motion and granted BTR's summary judgment motion, dismissing Cigna's third-party complaint against BTR. The common pleas court determined: (1) that BTR's policy with Cigna provided UM/UIM coverage in Ohio; (2) that appellees were entitled to coverage under the policy; and (3) that neither BTR nor appellees were required to pay the policy's one million dollar deductible because the deductible did not apply to the policy's UM/UIM coverage. In deciding these issues, the common pleas court granted the relief sought by appellees in their complaint for a declaratory judgment.
 {¶ 5} In its sole assignment of error, Cigna argues: (1) that appellees are not entitled to UM/UIM coverage under the policy; (2) that appellees are required to comply with the one million dollar deductible endorsement; and (3) that BTR is required to comply with the one million dollar deductible endorsement if appellees are not required to do so.
 {¶ 6} We sustain appellant's assignment of error with respect to whether appellees are entitled to UM/UIM coverage under BTR's business auto policy with Cigna. A question of fact exists as to whether Mr. Littrell was operating within the scope of his employment and thus whether he is entitled to coverage under BTR's policy. We remand the case to the common pleas court so that it can consider, in light of WestfieldIns. Co. v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849, whether appellees are insureds and entitled to coverage under BTR's business auto policy with Cigna.
 {¶ 7} Judgment reversed and caused remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J., and WALSH, J., concur.