DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from the judgment of the Lucas County Court of Common Pleas, we are asked to determine whether the trial court erred in finding that appellee, Thomas Fonseca, is entitled, pursuant Scott-Pontzer v. Liberty Mut. Ins. Co., (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. (1999), 86 Ohio St.3d 557, to underinsured motorist coverage under two commercial liability policies held by Lear Corporation.
{¶ 2} The following facts are material to the disposition of this cause.
{¶ 3} On June 26, 1999, Thomas, who lived with his parents, Raul and Mary Fonseca, was severely injured in a motor vehicle accident in Lucas County, Ohio. At the time of the collision, Mary Fonseca was employed by the Lear Corporation.
{¶ 4} In October 1998, Zurich American Insurance Company ("Zurich") issued a business automobile liability insurance policy to Lear Corporation. The Ohio uninsured/underinsured ("UM/UIM") endorsement, form CA 2133, to this policy provides up to $1 million in coverage for an "insured" who suffers bodily injury in an accident caused by the owner or driver of an uninsured motor vehicle. The "insured" must also be "legally entitled" to recover from the tortfeasor. An "insured" is defined, in part, as:
{¶ 5} "1. You
{¶ 6} "2. If you are an individual, any `family member.'"
{¶ 7} In October 1997, Lear Corporation also entered into a commercial umbrella insurance contract with National Union Fire Insurance Company of Pittsburgh Pa. ("National Union"). This policy affords liability coverage in excess[1] of the $1 million limit in the Zurich business automobile policy and has its own limit of $50 million. The named insured in the umbrella policy is "Lear Corporation." National Union never offered Lear Corporation UM/UIM coverage under the umbrella policy.
{¶ 8} As a consequence of the accident and his resulting injuries, appellee instituted a negligence action against the alleged tortfeasor, Richard J. Fetter, now deceased. He further sought a declaration that he was entitled to underinsured motorist coverage pursuant to, among others, the commercial insurance policies issued to Lear Corporation by Zurich and National Union.
{¶ 9} While the common pleas court granted appellee's motions for summary judgment, finding that appellee is provided with the requested coverage under both the Zurich business auto policy and the National Union commercial umbrella policy, we are compelled to reverse those judgments. In particular, Scott-Pontzer was limited, and Ezawa was overruled, by a recent case decided by the Ohio Supreme Court. See Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
{¶ 10} In Galatis, at the syllabus, the Ohio Supreme Court held:
{¶ 11} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
{¶ 12} "3. Where a policy of insurance designates a corporation as a named insured,
{¶ 13} the designation of `family members' of the named insured as other insureds does not extend insurance coverage to the family member of an employee of a corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
{¶ 14} It is undisputed that the accident in the case before us did not involve an employee (Mary Fonseca) of Lear Corporation who was acting within the scope of her employment. Furthermore, Mary Fonseca is not a named insured under either the Zurich or National Union policy. As a consequence, Thomas Fonseca is not entitled to underinsured motorist coverage under either of these policies. Accordingly, Zurich's assignment of error[2] is found well taken, and National Union's assignment of error[3] is found well taken.
{¶ 15} On consideration whereof, this court finds that substantial justice was not done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. The costs of this appeal are assessed to appellee, Thomas Fonseca.
 JUDGMENT REVERSED.
[1] In granting appellee's motion for summary judgment against National Union, the trial court found that underinsured motorist coverage was imposed by operation of law and that the coverage "dropped down" to become primary, rather than excess, coverage.
[2] Zurich's assignment of error reads:
"The trial court erred when it granted summary judgment in favor of plaintiff-appellee Thomas Fonseca (`Appellee') and denied summary judgment in favor of Zurich American Insurance Company (`Appellant') on the basis that appellee was an insured under Zurich Business Automobile Policy No. BAP 6814780."
[3] National Union asserts:
"The trial court erred in granting summary judgment in favor of plaintiffs-appellees [sic] and denying summary judgment to Defendant-Appellant National Union Fire Insurance Company of Pittsburgh, Pa. (`National Union').