JOURNAL ENTRY AND OPINION
{¶ 1} Edward Gerome Moss died from injuries suffered in a automobile collision with defendant Maryann Marra. Marra did not have liability motor vehicle insurance, so as relevant to this appeal, Moss' estate brought various claims on authority of Scott-Pontzer v. LibertyMut. Ins. Co., 85 Ohio St.3d 660, against insurance policies held by the employers of Moss' parents. New Hampshire Insurance Company insured Emery Medical Management Company, plaintiff Frances Moss's employer. St. Paul Fire and Marine Insurance Company insured Cuyahoga Community College, plaintiff Robert Moss' employer. The insurers were granted summary judgment on two grounds. First, the court found that the estate's six-year delay in bringing the action caused the insurance companies actual prejudice in defending their insureds. Second, the court found that Cuyahoga Community College was a political subdivision which could only obtain insurance for acts occurring within the course and scope of employment. The court specified no just reason for delay, and the estate appeals.
 I {¶ 2} Since the submission of this case, the supreme court decidedGalatis v. Westfield Ins. Co., 100 Ohio St.3d 216, 2003-Ohio-5849, in which it severely limited Scott-Pontzer and overruled Ezawa v. YasudaFire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557. SeeGalatis, paragraph three of the syllabus. The decision to overrule Ezawa
is particularly pertinent here, as the Moss claim was based on her being a family member of an employee covered under the application ofScott-Pontzer.
 {¶ 3} The law is that a decision of the supreme court is to apply retroactively, as though that law had always applied. See Peerless Elec.Co. v. Bowers (1955), 164 Ohio St. 209, 210. What this means to this case is that the Scott-Pontzer and Ezawa claims that both parties thought were viable at the time the complaint had been filed, were not viable at all. Had Galatis been the law, Moss's claims would have been subject to summary judgment since she could establish no facts that would entitle her to judgment.
 {¶ 4} While we are loathe to consider arguments that were not presented to the trial court, see Republic Steel Corp. v. Bd. of Revisionof Cuyahoga Cty. (1963), 175 Ohio St. 179, syllabus, we ought not perpetuate bad law on the flimsy basis that the court and the parties relied on a subsequently overruled case. We therefore find that the court should have granted summary judgment to all defendants because there was no conceivable contractual liability.
 {¶ 5} Even if we are wrong about the application of Galatis to the arguments presented on appeal, we find the court did not err by granting summary judgment for the reasons offered by the appellants on appeal. Our discussion of those arguments follows.
 II {¶ 6} The estate's first set of arguments go to the court's finding that the estate's delay in bringing the Scott-Pontzer claims constituted a material breach of the notice provisions of the New Hampshire and St. Paul policies and caused both insurers prejudice in defending the claims against their insureds. The estate notes that the court made its rulings before the Ohio Supreme Court decided Ferrando v. Auto-Owners Mut. Ins.Co., 98 Ohio St.3d 186, 2002-Ohio-7217, and set forth the law governing the procedure for determining whether a violation of the notice provisions of an insurance policy constitutes a material breach of the policy sufficient to defeat coverage.
 A {¶ 7} The first paragraph of the syllabus to Ferrando states:
 {¶ 8} "1. When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary."
 {¶ 9} The supreme court noted that late-notice cases require a two-step approach: the court must first determine whether notice was timely and, if so, must next determine whether the lack of timely notice prejudiced the insurer. Id. at ¶ 90-91. If the insured failed to give the required notice, a presumption of prejudice arises which the insured has the burden of rebutting. Id. at ¶ 91. The court did not define what constitutes an "unreasonable delay," presumably leaving that term open as a question of fact. However, we believe that the contract terms employed by the parties remain the best guide for determining reasonableness, since the contract terms arise by mutual assent. Only in the event the contract between the parties is devoid of specific notice terms or is otherwise ambiguous would it be necessary to consider delay of notice as a question of fact.
 B {¶ 10} The New Hampshire policy set forth certain duties for its insureds, among them being "[i]n the event of accident, claim, suit or loss, you must give us or our authorized representative prompt notice of the accident or loss * * *." The word "prompt" is undefined, so we look to its general usage to determine its meaning. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 1995-Ohio-214. In its ordinary usage, the word "prompt" means without delay.
 {¶ 11} The accident in question occurred in January 1996. The estate did not file its claims against New Hampshire until April 2002. The court noted that the supreme court did not decide Scott-Pontzer until 1999, so it considered that the estate filed its claim within two and one-half years for purposes of determining any delay.
 {¶ 12} We differ with the court on when the claim arose because we find that the length of the delay in giving notice must be calculated from the time the claim arose. The claim arose at the time of the accident, not the time when Scott-Pontzer had been released. As a matter of law, Scott-Pontzer applies retroactively as though the law pronounced in that case has always existed. See Peerless Elec. Co. v. Bowers
(1955), 164 Ohio St. 209, 210; Heiney v. Hartford, Franklin App. No. 01AP-1100, 2002-Ohio-3718. In Gruelich v. The Hartford, Cuyahoga App. No. 80987, 2002-Ohio-7229, we addressed this precise issue and held that a delay in waiting for a favorable decision does not constitute a reasonable excuse for failing to give notice of a claim. The law announced in Scott-Pontzer is considered to always have been in force, so the claim existed at the time of the accident — the estate simply failed to take advantage of it at that time.
 {¶ 13} Under no circumstances could we imagine that a six-year delay in bringing a claim constitutes "prompt" notice as required by the New Hampshire policy. As a matter of law, we find that length of time to be unreasonable. And even were we to use the two and one-half year period that the court used, we would agree with the court that notice in that time frame would likewise not be prompt, and thus unreasonable as a matter of law. It follows that New Hampshire established the first prong of the Ferrando test.
 {¶ 14} The second prong of the Ferrando test requires a determination of whether the estate's unreasonable delay caused New Hampshire prejudice. Although the court decided the notice issue prior toFerrando's release, the court did hear oral argument on the respective motions for summary judgment at which it considered the issue of prejudice caused by the estate's untimely notice. New Hampshire argued (now somewhat unnecessarily in light of Ferrando's presumption of prejudice) that it had been prejudiced because it did not have the opportunity to investigate the facts and circumstances of the accident. In response, the estate argued that New Hampshire had every opportunity to conduct discovery and any other investigation it deemed vital to the case, but chose not to pursue it.
 {¶ 15} The estate's argument that New Hampshire suffered no prejudice falls far short of the Ferrando requirement that the party seeking to give late notice show evidence to the contrary. The estate offered no evidence whatsoever on this issue, even though the issue had been joined before the court both during briefing and oral argument on the motion for summary judgment. Admittedly, argument on a motion for summary judgment is not intended as a vehicle for the admission of new evidence. Carrabine Constr. Co. v. Chrysler Realty Corp. (1986),25 Ohio St.3d 222, syllabus. However, the estate knew that New Hampshire's motion for summary judgment argued that it had been "severely prejudiced" by the estate's failure to provide prompt notice as required by the policy. The argument that the estate made in response to the motion for summary judgment merely claimed that since the estate had not settled with the tortfeasor, New Hampshire's subrogation rights had not been compromised. The court rejected this simplistic argument, and its finding that New Hampshire had been prejudiced is supported by the estate's complete lack of evidence to the contrary. The court did not err by granting summary judgment to New Hampshire.
 C {¶ 16} For the same reasons, the court did not err by granting summary judgment to St. Paul. The St. Paul policy states that in the event of an accident, the insured must "tell us or our agent as soon as possible. Do this even though no demand for damages has been made against you or any other protected person, but you or another protected person is aware of having done something that may later result in a demand for damages." St. Paul did not receive notice of the claim until April 2002 and argued that the late notice caused it prejudice. The estate made the same arguments in response to St. Paul's motion for summary judgment that it made in response to New Hampshire's motion for summary judgment. In fact, the estate filed a consolidated brief on both issues. The court made a separate finding that the estate's delay prejudiced St. Paul's subrogation rights and was grounds for summary judgment. Because the estate failed to introduce any evidence whatsoever to counter the presumption of prejudice, the estate could not prevail on summary judgment.
 II {¶ 17} The estate next argues that the court erred by granting summary judgment in favor of St. Paul based on a finding that St. Paul's insured, Cuyahoga Community College, was a political subdivision that could not insure its employees outside the scope of their employment. The estate argues that the court's decision is contrary to this court's holding in Mizen v. Utica Nat. Ins. Group, 147 Ohio App.3d 274,2002-Ohio-37.
 {¶ 18} Our holding that the court did not err by granting summary judgment to St. Paul based on the estate's failure to give notice as required by the policy moots consideration of this argument. See App.R. 12(A)(1)(c). We note in passing, however, that we agree with the court that Cuyahoga Community College, as a political subdivision under R.C.3354.03, is only authorized to purchase automobile liability insurance for acts by its officers or employees that arise out of the operation of a vehicle while engaged in the course and scope of their employment. See R.C. 9.83. Hence, Cuyahoga Community College is different in form than the school district involved in Mizen. See Landers v. LucentTechnologies, Cuyahoga App. Nos. 81506 and 81531, 2003-Ohio-3657.
 III {¶ 19} For its final argument, the estate complains that the court abused its discretion by denying its motion for leave to amend its complaint. The estate wished to amend its complaint to add National Union Fire Insurance Company as a party to the action because it insured Tops Markets, an employer of decedent Edward Moss. The original complaint listed an incorrect insurance company.
 {¶ 20} When a responsive pleading has been served, a party may only amend a pleading by first seeking leave of court. See Civ.R. 15(A). Although leave of court should be freely granted when justice so requires, the court's decision to grant or deny a request for leave to amend a complaint will be reviewed only for an abuse of discretion. SeeWilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 121-122. "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." Turner v. Cent. Local School Dist.,85 Ohio St.3d 95, 99, 1999-Ohio-207 (footnote and citation omitted).
 {¶ 21} The court did not abuse its discretion by denying leave to amend the complaint because the estate filed its request so late in the proceedings that it would unduly delay the resolution of the case. By the time the estate filed its motion for leave to amend the complaint, dispositive motions had been filed by both St. Paul and New Hampshire and the court had set oral arguments on the motions. So postured, the case had been so far along that we cannot say that the court acted unreasonably in denying leave.
 {¶ 22} In any event, the court's refusal to grant leave could not be considered prejudicial. The estate filed claims against a number of defendants, most of whom it voluntarily dismissed without prejudice prior to taking this appeal. Tops Markets was one of those defendants. Assuming that the estate intends to refile its case against Tops Markets, it would be in a position to name the correct insurance company upon refiling the complaint. Hence, the court's refusal to grant leave to amend the complaint did not come with any prejudice to the estate.
 {¶ 23} The judgment is affirmed.
Judgment affirmed.
Anthony O. Calabrese, JR., J., Diane Karpinski, J., concurs.