JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Naomi Meeks-Snyder appeals from a common pleas court order granting summary judgment for defendant Liberty Mutual Insurance Co. ("Liberty"), the insurer for her spouse's employer, on her claim for underinsured motorist coverage. She asserts the court erred by finding that the "other owned auto" exclusion precluded coverage under the business auto policy issued by Liberty, and by finding that an umbrella policy did not provide coverage because the underlying business auto policy did not provide coverage.[1]
 {¶ 2} The parties agree that on June 26, 1993, plaintiff was operating her own vehicle when she was struck by another vehicle which failed to yield the right-of-way. She sustained serious injuries as a result. State Farm Insurance Co., the insurer for the owner of the other vehicle, tendered its policy limits to plaintiff.
 {¶ 3} Plaintiff's husband was employed by Canton Drop Forge, which was insured by Liberty. When Liberty failed to pay a claim submitted by plaintiff, she filed this action seeking a determination that she was entitled to coverage under each of the three insurance policies Liberty issued to Canton Drop Forge. The common pleas court determined that plaintiff was an insured for purposes of uninsured/underinsured motorist ("UM/UIM") coverage under the business auto policy, but coverage was excluded by an "other owned auto" exclusion. The court also found that the general liability policy was not a motor vehicle insurance policy as to which Liberty was required to offer UM/UIM coverage. Finally, the court concluded that the umbrella policy only afforded excess coverage to the business auto and general liability policies, and because those policies did not provide coverage here, the umbrella policy also did not afford coverage.
 {¶ 4} The Ohio Supreme Court's recent decision in WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, has significantly altered the legal landscape since this appeal was filed, and is dispositive here. In Galatis, at ¶ 62, the supreme court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation unless that employee is also a named insured."
 {¶ 5} In this case, the uninsured motorist coverage endorsement to the business auto policy defines "insureds" as (1) "[y]ou," defined elsewhere as the "named insured," in this case, plaintiff's spouse's employer, (2) "[i]f you are an individual, any family member," and (3) [a]nyone else occupying a covered auto or a temporary substitute for a covered auto," "covered auto" being defined in the policy as "only those autos you [i.e., the named insured] own."[2] Under Galatis, plaintiff is not an "insured" under any of these categories, as she is neither the named insured nor a family member of a named insured, nor was she the occupant of a covered auto at the time of her injury. Because plaintiff is not an insured for purposes of underinsured motorist insurance coverage under the business auto policy, the validity of the policy's "other owned vehicle" exclusion is a moot point. Furthermore, plaintiff does not challenge the common pleas court's finding that the umbrella policy only provides excess coverage and does not drop down to provide first dollar coverage. Having found no coverage under the business auto policy, there can be no coverage under the umbrella policy. Therefore, we affirm the judgment in favor of the defendant.
Judgment affirmed.
MICHAEL J. CORRIGAN, A.J., and COLLEEN CONWAY COONEY, J.,concur
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Plaintiff does not challenge the court's determination that a general liability policy was not a motor vehicle liability insurance policy.
[2] A fourth category of insureds, "[a]nyone for damages he or she is entitled to recover because of bodily injury sustained by another insured," is inapplicable here. Plaintiff is not seeking to recover because of bodily injury sustained by another insured.