JOURNAL ENTRY and OPINION
{¶ 1} Appellant Natasha Tipple ("Tipple") appeals the judgment of the Cuyahoga County Court of Common Pleas, which denied her motion for summary judgment and granted the motion for summary judgment of appellee United States Fidelity Guaranty Company ("USFG"). For the reasons that follow, we affirm.
 {¶ 2} On July 5, 2001, Tipple was struck by an automobile while walking from her vehicle at a gas station in New London, Ohio. Tipple alleged that the automobile that struck her was owned by Alfred Goble and driven by Traniece Jones. Tipple sustained injuries and damages as a result of the accident.
 {¶ 3} At the time of the accident, Tipple was employed by McDonald's Restaurants. However, Tipple was not acting within the course and scope of employment when the accident occurred.
 {¶ 4} R.H.F. Enterprises, dba McDonald's Restaurants, was a named insured under a policy issued by USFG. Tipple brought this action against USFG seeking to have uninsured/underinsured motorist coverage ("UM/UIM coverage") imposed by law under the USFG policy.[1] Both Tipple and USFG moved for summary judgment.
 {¶ 5} The trial court denied Tipple's motion and granted USFG's motion. The trial court determined that UM/UIM coverage could not be imposed by law because the policy was not an automobile policy of insurance pursuant to R.C. 3937.18 since it did not specifically identify any automobiles.
 {¶ 6} Tipple appeals the judgment of the trial court raising one assignment of error for this court's review:
 {¶ 7} "1. The trial court erred in granting summary judgment in favor of appellee [USFG] * * *."[2]
 {¶ 8} The Ohio Supreme Court in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 9} Under the facts of this case, the named insured under the USFG policy was a corporation. Since Tipple's loss did not occur within the course and scope of her employment, she is not an insured for UM/UIM purposes under the policy. Therefore, Tipple is not entitled to UM/UIM coverage. We affirm the judgment of the trial court, albeit for another reason. See Joyce v. Gen.Motors Corp. (1990), 49 Ohio St.3d 93, 96.
 {¶ 10} The judgment is affirmed.
Judgment affirmed.
Cooney, P.J., and Calabrese, JR., J., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Alfred Goble and Traniece Jones were also named as defendants. Tipple voluntarily dismissed Alfred Goble from the action and obtained a default judgment against Traniece Jones. Neither is a party to this appeal.
[2] We have abbreviated the assignment of error because it was not written in Tipple's brief as a complete sentence.