ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. Appellant David C. Bond ("Bond") appeals the judgment of the Cuyahoga County Court of Common Pleas, which denied his motion for partial summary judgment and granted the motion for summary judgment of appellee Lumbermens Mutual Casualty Company ("Lumbermens").[1] For the reasons that follow, we affirm. On August 6, 1999, Bond was involved in an automobile accident in Cuyahoga Falls, Ohio. Bond claimed he sustained injuries and damages as a result of the accident which was allegedly caused by Eric Withrow ("Withrow").
 {¶ 2} Withrow's liability carrier tendered its policy limits of $15,000 to Bond. Bond also recovered the underinsured motorist coverage limits of his personal automobile insurance with State Farm Mutual Automobile Insurance Company, in the amount of $100,000.
 {¶ 3} Bond alleged that at the time of the accident he was employed by Bell Howell Publishing Services Company ("Bell 
Howell"). Bell Howell was the named insured under a business auto policy issued by Lumbermens. Bond admitted he was not within the course and scope of employment at the time of the accident.
 {¶ 4} Bond brought this action against Bell Howell and Lumbermens seeking to have underinsured motorist coverage ("UIM") imposed by law.[2] All parties moved for summary judgment.
 {¶ 5} The trial court denied Bond's motion, granted Bell 
Howell's motion, and granted Lumbermens' motion. With respect to Lumbermens' motion, the trial court determined that Ohio law applied, Bond was not in a covered auto, the addition of individual employees to the drive-other-car coverage endorsement modified who was an insured and removed the Scott-Pontzer
ambiguity, and Bond was not an insured under the policy.
 {¶ 6} Bond appeals the judgment of the trial court as to Lumbermens and asserts three assignments of error for this court's review:
 {¶ 7} "1. Whether or not the court of common pleas erred in finding that the `Drive Other Car Coverage — Broadened Coverage for Named Individuals' endorsement in defendant-appellee's automobile policy removed any ambiguity in the policy language thereby removing this matter from the decision of the Ohio Supreme Court in Scott-Pontzer v. Liberty Mutual Fire InsuranceCo., 85 Ohio App.3d 660, 710 N.E.2d 1116 (1999) and denying plaintiff-appellant coverage under the UIM provision of defendant-appellee's automobile insurance policy."
 {¶ 8} "2. Whether or not the court of common pleas erred in granting defendant-appellee's motion for summary judgment."
 {¶ 9} "3. Whether or not the court of common pleas erred in denying plaintiff-appellant's motion for partial summary judgment."
 {¶ 10} We need not address the above assignments of error in light of the recent opinion by the Ohio Supreme Court inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. In Westfield, the court held the following: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 11} Under the facts of this case, the named insured under the Lumbermens' policy was a corporation, Bell Howell. Since Bond admitted his loss did not occur within the course and scope of his employment, Bond is not an insured for UIM purposes under the policy. See Id. Therefore, Bond is not entitled to underinsured motorist coverage. See Id. We affirm the judgment of the trial court, albeit for another reason. See Joyce v. Gen.Motors Corp. (1990), 49 Ohio St.3d 93, 96.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
 Blackmon, P.J., and Calabrese, JR., J., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Defendant Bell Howell Publishing Services Company, Inc. is not a party to this appeal.
[2] Bond incorrectly named Kemper Insurance Company as the defendant in the amended complaint. Lumbermens, a division of Kemper, issued the Bell Howell policy and is the real party in interest.