JOURNAL ENTRY AND OPINION
{¶ 1} Defendants, Commerce and Industry Insurance Company, American International Specialty Lines Insurance Company, and Illinois National Insurance Company ("defendants") appeal the trial court's granting the motions for summary judgment by the plaintiff, David W. Sharp[1] and Lori Austin.[2] Defendants also appeal the trial court's denying their motions for summary judgment. For the reasons that follow, we reverse the judgment of the trial court on both orders.
 {¶ 2} In May 2001, co-workers Craig Austin and Janet Meden were both killed when their car[3] was hit by tortfeasor Leinendecker. At the time of the accident, Austin and Meden were employed with OSI Sealants, Inc., a subsidiary of Sovereign Specialty Chemicals ("Sovereign"). When the accident occurred, Sovereign/OSI was insured under three different insurance policies issued by defendants. The three policies include a commercial auto policy issued by defendant Commerce and Industry Insurance Company, a commercial general liability policy issued by American International Specialty Lines Insurance Company, and a commercial umbrella policy issued by Illinois National Insurance Company.
 {¶ 3} Plaintiffs and defendants filed motions for summary judgment on the coverage issue. In their motions, plaintiffs argued they were entitled to uninsured/underinsured ("UM") coverage under each of defendants' policies pursuant to Scott-Pontzer v. Liberty Mutual (1999),85 Ohio St.3d 660. Defendants contested plaintiffs' claim to any coverage under their respective policies. Determining that plaintiffs were insureds under each of the defendants' policies and therefore entitled to UM coverage, the trial court granted plaintiffs' motions for summary judgment and denied defendants' motions.
 {¶ 4} The case proceeded to a jury trial on the issue of plaintiffs damages. The jury returned a verdict in plaintiffs' favor. Defendants timely appeal and present three assignments of error for review:
 {¶ 5} "I. The trial court erred in denying the motions for summaryjudgment of defendants-appellants Commerce and Industry Insurance Company("CI"), American International Specialty Lines Insurance Company("AISLIC") and Illinois National Insurance Company ("INIC").
 {¶ 6} II. The trial court erred in granting the motions for summaryjudgment of David Sharp, administrator of the estate of Janet Meden("Meden"), and Lori Austin, Administrator of the estate of Scott Austin("Austin"), against CI, Aslic and INIC ("Defendants"), and in findingthat UM/UIM coverage was available to plaintiffs under CI CommercialAutomobile Policy No. CA 766-57-73 ("CA Policy"), Aslic CommercialGeneral Liability and Pollution Legal Liability Policy No. EA 267-38-35("GL Policy"), and INIC Commercial Umbrella Policy No. BE 740-17-13 ("BEPolicy").
 {¶ 7} III. The trial court erred in denying defendants' motion tointroduce evidence of collateral source payments received by Meden andAustin."
 {¶ 8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241.
 {¶ 9} Defendants argue the trial court erred in granting plaintiffs' motions for summary judgment and in denying their own motions for summary judgment. Defendants cite the recent decision by the Ohio Supreme Court in Westfield Insurance Company v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which reversed its prior decision in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142 and limited Scott-Pontzer.
 {¶ 10} In Galatis, after reviewing the express provisions of an insurance contract, the Ohio Supreme Court held:
 {¶ 11} "Absent specific language to the contrary, a policy ofinsurance that names a corporation as an insured for uninsured orunderinsured motorist coverage covers a loss sustained by an employee ofthe corporation only if the loss occurs within the course and scope ofemployment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116, limited.)"
 {¶ 12} Id., at ¶ 2.
 {¶ 13} In the case at bar, in supplemental briefs filed after the Supreme Court issued Galatis, defendants argue that plaintiffs are not entitled to UM coverage under any of OSI's policies because they were not within the course and scope of their employment with OSI at the time of the accident. In supplemental briefs in opposition, plaintiffs argue that because defendants failed to assert the "course and scope of employment" issue in the trial court they have waived it here on appeal. We disagree. There can be no waiver, because the employment issue was never at issue in the lower court. Littrell v. Cigna Prop. Cas. Ins. Co.,
Butler App. No. CA2003-01-023, 2003-Ohio-6102.
 {¶ 14} The holding in Galatis requires this court to reverse the grant of summary judgment to plaintiffs. Moreover, because the issue of whether the decedents were in the course and scope of their employment when they were killed was not an issue litigated below, this issue remains to be resolved and, therefore, it has not been waived.
 {¶ 15} We further reject defendants' claim that this court's decision in Moss v. Marra, Cuyahoga App. No. 82188, 2003-Ohio-6853 requires this court to sua sponte dismiss plaintiffs' claims for UM coverage. Moss is completely distinguishable from the facts in the instant matter. InMoss, plaintiffs' decedent was killed when his automobile was struck by an uninsured motorist. Plaintiff brought suit against insurance policies held by the employers of Moss' parents. Decedent's employer was not a party in the case. There was no question of whether decedent was in the scope of employment. It was the uninsured policy of his parents' employer that was challenged, not the policy of his employer.
 {¶ 16} We also reject defendants' reliance on Barnby v. National UnionFire Ins. Co. Of Pittsburgh, Pa., Medina App. No. 03CA0022-M, 2003-Ohio 6815 and Fonseca v. Fetter, et al., Lucas App. No. L-03-1064, 2003-Ohio-6204. In Barnby, plaintiff's minor son was hit by an underinsured driver. Defendant insurer had issued three different insurance policies to plaintiff's employer, including an umbrella policy. The court determined that because plaintiff was not a named insured on the umbrella policy, his son could not be either. The court inBarnby never reached the scope of employment issue because the son was not employed.
 {¶ 17} In Fonseca, plaintiff was injured in a motor vehicle accident when he was hit by an underinsured motorist. Plaintiff sued two insurance companies that insured his mother's employer. The court determined that plaintiff was not entitled to coverage because the accident did not involve a company employee while in the scope of employment. The court also determined that plaintiff's mother was not a named insured under either policy. Again, the claim was made through the mother's, not the son's, employment.
 {¶ 18} In the case at bar, the record has never been developed sufficiently for a determination on the issue of whether decedents were within the scope of their employment with Sovereign/OSI when they were killed, but it was established that plaintiffs were employees.
 {¶ 19} Defendants urge this court to take notice of certain statements made by plaintiffs' attorneys concerning the scope of employment issue. Even though there is some authority for accepting an attorney's statements made on behalf of a client as binding admissions,[4] we decline to apply such authority to the circumstances of this case. We find more relevant the principle enunciated by the Eleventh District Court of Appeals. "[S]tatements by counsel do not rise to the level of a judicial admission where there is no indication that the statement was intended to dispense with formal proof of material facts." Holeski v.Lawrence (1993), 85 Ohio App.3d 824, 833, 621 N.E.2d 802.
 {¶ 20} In their summary judgment briefs in the case at bar, plaintiffs' attorneys stated that the decedents were not within the course and scope of their employment when the accident occurred. When these statements were made, however, Galatis had not been decided and the decedents' employment status was not at issue.
 {¶ 21} Further, other than the attorney's statements, the record in this case does not demonstrate that the scope of employment issue was ever litigated between the parties. There is no formal proof — in fact, no evidence was presented — on the employment issue atall.[5] We therefore conclude that plaintiffs' attorneys did not intend their statements to concede this issue.
 {¶ 22} Because the recent decision of Galatis has created a new issue not yet formally litigated in the case at bar, we remand the case to the common pleas court so that it may consider in the light of Galatis,
whether plaintiffs are insureds and entitled to coverage. Defendants' assignments of error one and two are sustained. Defendants' assignment of error three is moot.
 {¶ 23} Accordingly, the judgment of the trial court in plaintiffs' favor is hereby reversed and vacated. This matter is remanded for proceedings consistent with this opinion.
Judgment accordingly.
This cause is reversed and remanded.
It is, therefore, ordered that appellants recover of appellees their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., concur.
[1] Executor of the estate of decedent, Janet Meden.
[2] Executrix of the estate of decedent, Craig Austin.
[3] At the time of the accident, Austin was driving Meden's car. Meden was a passenger.
[4] Statements of an attorney that are directly related to the litigation at hand have been held to be within the attorney's scope of authority and binding on the client. See, e.g., United States v.Dolleris, 408 F.2d 918, 921 (6th Cir. 1969) (statements made by attorney to the IRS in regard to tax evasion investigation of his client were admissions binding on the client); United States v. Johnson, (6th Cir. 1985), 752 F.2d 206; Padden v. Herron, (Dec. 24, 1998), Lake App. No. 97-L-223, 1998 Ohio App. LEXIS 6296, at *19, (J. Ford, concurring) ("The vehicle for those statements characterized as evidential admissions by an attorney is said to be Evid.R. 801(D)(2). 2 Gianelli and Snyder, Evidence (1996) 48, Section 801.27. See, also, 29A American Jurisprudence 2d (1994) 194-195, Evidence, Section 812.").
[5] This court acknowledges plaintiffs' flurry of supplemental authority and claims for newly discovered evidence since this appeal was filed. This court also notes defendants' strenuous objections to plaintiffs' filings. Though we can acknowledge these numerous filings, we may not consider any issues or arguments related thereto that were not presented in the lower court.