JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellees, Donald and Judy Stask (the "Stasks"), appeal the trial court's granting defendant-appellee, National Indemnity Insurance Company's ("National Indemnity") motion for summary judgment and denying the Stasks' motion for summary judgment. Finding no merit to the appeal, we affirm.
 {¶ 2} In October 2000, the Stasks were involved in a motor vehicle accident, in which Mr. Stask sustained injury. The Stasks sought underinsured motorist coverage for Mr. Stask's injuries through a commercial automobile liability policy issued by National Indemnity to Mrs. Stask's employer, Buckeye Transit, Inc. They alleged that they qualified as insureds under the insurance policy based upon the Ohio Supreme Court's decisions ofScott-Pontzer v. Liberty Mut. Fire Co. (1999),85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co. of Amer. (1999),86 Ohio St.3d 557.
 {¶ 3} Both parties moved for summary judgment. National Indemnity maintained that the Stasks were not insured under the policy because they were not occupying a "covered auto" as required by the policy. The trial court granted National Indemnity's motion, basing its decision on Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The Stasks appeal, raising one assignment of error.
 {¶ 4} In their sole assignment of error, the Stasks argue that the trial court erred in granting National Indemnity's motion for summary judgment based upon issues not raised nor briefed by National Indemnity and that were not pending before the trial court. Specifically, the Stasks claim that because National Indemnity did not challenge the validity ofScott-Pontzer and Ezawa, the trial court had no legal authority to base its decision on Galatis.
 {¶ 5} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when(1) there is no genuine issue of material fact, (2) the movingparty is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.The party moving for summary judgment bears the burden of showingthat there is no genuine issue of material fact and that it isentitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 7} The Stasks claim that because National Indemnity did not challenge the validity of Scott-Pontzer and Ezawa in their motion, but instead relied solely upon the "covered auto" defense, they waived all legal defenses contained in Galatis.
This contention is without merit. National Indemnity's motion asserted that because the Stasks were not occupying a "covered auto" they were not "insureds" under the policy. Irrespective of what argument National Indemnity relied upon in its motion, the trial court was correct in granting summary judgment in favor of National Indemnity under the authority of Galatis.
 {¶ 8} The Ohio Supreme Court held in Galatis:
"Absent specific language to the contrary, a policy ofinsurance that names a corporation as an insured for uninsured orunderinsured motorist coverage covers a loss sustained by anemployee of the corporation only if the loss occurs within thecourse and scope of employment." Id. at paragraph two of thesyllabus.
 {¶ 9} Overruling Ezawa, the Galatis decision further declared:
"Where a policy of insurance designates a corporation as anamed insured, the designation of "family members" of the namedinsured as other insureds does not extend insurance coverage to afamily member of an employee of the corporation unless thatemployee is also a named insured." Id. at paragraph three of thesyllabus.
 {¶ 10} It is well settled that a decision of the supreme court is to apply retroactively, as though that law has always applied. Moss v. Marra, Cuyahoga App. No. 82188, 2003-Ohio-6853, citing Peerless Electric Co. v. Bowers (1955),164 Ohio St. 209, 210.
"What this means to this case is that the Scott-Pontzer andEzawa claims that both parties thought were viable at the timethe complaint had been filed, were not viable at all. HadGalatis been the law, [the plaintiff's] claims would have beensubject to summary judgment since [she] could establish no factsthat would entitle [her] to judgment.
 While we are loathe to consider arguments that were notpresented to the trial court, see Republic Steel Corp. v. Bd. ofRevision of Cuyahoga Cty. (1963), 175 Ohio St. 179,192 N.E.2d 47, syllabus, we ought not to perpetuate bad law on the flimsybasis that the court and the parties relied on a subsequentlyoverruled case." Moss, supra. See also Kohus v. HartfordInsurance Co., Cuyahoga App. No. 83071, 2004-Ohio-231.
 {¶ 11} Additionally, even though Galatis was not law prior to numerous other appeals filed in this court that involvedScott-Pontzer and Ezawa issues, we have repeatedly relied upon the Galatis decision to resolve those cases. See Jarvisv. Kemper, Cuyahoga App. No. 82353, 2004-Ohio-634 ("We affirm the judgment of the trial court, albeit for another reason.");Tipple v. Goble, Cuyahoga App. No. 83435, 2004-Ohio-2013; Bondv. Bell Howell, Cuyahoga App. No. 83352, 2004-Ohio-2545;Meeks-Snyder v. Liberty Mut. Ins. Co., Cuyahoga App. No. 83338, 2004-Ohio-1457 (Galatis "has significantly altered the legal landscape since this appeal was filed, and is dispositive here.") For the trial court to do the same, we find no error.
 {¶ 12} In the instant case, the named insured under National Indemnity's policy was a corporation, Mrs. Stask's employer. Since it was not alleged that Mrs. Stask was acting within the course and scope of her employment, she was not an insured for UIM purposes under the policy. Additionally, because Mrs. Stask was not a named insured under the policy, no coverage is extended to Mr. Stask as a family member.
 {¶ 13} Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Anthony O. Calabrese, Jr., J. Concur.