OPINION
{¶ 1} Plaintiffs-appellants, Louise Rogers, et al., appeal the January 4, 2005 judgment of the Court of Common Pleas of Allen County, Ohio granting summary judgment in favor of the defendant-appellee, Owners Insurance Company ("Owners").
 {¶ 2} In March of 1994, Louise Rogers had an automobile insurance policy with Owners that included uninsured/underinsured motorist coverage. The UM/UIM coverage included the following language: "We give this same protection to any relative living with you who does not own a car." Three of Louise's grandchildren, Michael Rogers, Martice White, and William Rogers, resided with her on at least a part-time basis at this time.[1]
 {¶ 3} On March 8, 1994 Michael was a passenger in a vehicle that was involved in a single car accident. The vehicle, a 1991 Honda Civic owned by Rhett Hause, was being driven by Michael's cousin, Sean Rogers. Sean told the police that he lost control of the vehicle as it was coming around a turn and the vehicle skidded off of the road into a utility pole. Michael was injured in the accident, and died three days later from his injuries.
 {¶ 4} After the accident, neither Louise nor her grandchildren, Martice and William, notified Owners of the accident. However, Louise filed several lawsuits as administratix of Michael's estate, including an action against Allstate Insurance, the insurer for the owner of the vehicle, and a medical malpractice suit against the doctors who treated Michael. The lawsuit against Allstate was dismissed following a settlement, and the medical malpractice suit was dismissed without prejudice and never re-filed. However, it was not until August 5, 2002, when Louise's new counsel sent a letter to Owners, that Owners was notified of the accident and of Louise's claim under the policy.
 {¶ 5} In the trial court proceedings, William and Martice filed a partial motion for summary judgment asking the court to determine that they are wrongful death beneficiaries to Michael and that they were insured under the UM/UIM coverage in Louise's policy. Owners also submitted a motion for summary judgment, asserting several justifications for why plaintiff's were not entitled to coverage under the policy. In its January 4, 2004 judgment entry, the court denied William and Martice's motion for partial summary judgment and entered summary judgment in favor of Owners on the ground that the eight year delay before notifying Owners of the accident precluded plaintiffs' ability to recover under the policy. Plaintiffs' now appeal, asserting two assignments of error:
The trial court erred in determining that the evidence in the recordbefore it showed that owners insurance company had been prejudiced by"late notice" of the uninsured motorist claim, and in granting ownersinsurance company's motion for summary judgment.
 The trial court erred in failing to determine from the evidence in therecord that no prejudice occurred to owners insurance company from "latenotice" of the uninsured motorist claims of plaintiffs, and erred byfailing to so declare in granting plaintiffs' motion for partial summaryjudgment.
 {¶ 6} In their two assignments of error, plaintiffs argue that the trial court erred by granting Owners' motion for summary judgment. The standard of review for a grant of summary judgment is de novo. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Id.; see Zivish v. MentorSoccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 345, 360.
 {¶ 7} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitzeff v. Wheeler (1988),38 Ohio St.3d 112. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R 56(E).
 {¶ 8} In the instant case, the trial court granted Owners' motion for summary judgment, finding that appellants breached the prompt notice provisions in the insurance policy to Owners' prejudice, thereby precluding recovery under the UM/UIM provisions in the policy. The factual issues in question are therefore whether or not appellants' notice to Owners was unreasonably late and whether that notice, if late, prejudiced the insurance company. Appellants do not contend that the trial court erred by finding that the eight-year delay in giving notice was unreasonable,[2] but instead argue that the trial court incorrectly applied a non-statutory, rebuttable presumption in determining that the late notice prejudiced Owners. Appellants contend that they presented sufficient evidence to rebut the presumption of prejudice, and therefore summary judgment was improper.
 {¶ 9} The Ohio Supreme Court has determined that an insured's violation of a prompt notice provision in an insurance policy relieves the insurer's obligation to provide coverage "if [the insurer] is prejudiced by the insured's unreasonable delay in giving notice." Ferrandov. Auto-Owners Mutual Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, at ¶1 of the syllabus. The burden of proof is on the insurer to show that the prompt-notice provision in the policy was breached and that the company was prejudiced by the unreasonable delay. Id.
 {¶ 10} However, the Court in Ferrando established a rebuttable presumption of prejudice: "An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. A presumption is a procedural device, which operates to shift the burden of producing evidence, the burden of going forward, to the party against whom the presumption is directed. Evid.R. 301; see alsoForbes v. Midwest Air Charter (1999), 86 Ohio St.3d 83, 86; Minor v.Nichols, 4th Dist. No. 01CA14, 2002-Ohio-3310, ¶ 14. In the case of a rebuttable presumption, once the presumption is met with sufficient countervailing evidence the presumption disappears and the case proceeds as if the presumption had never arisen. Horsley v. Essman (2001),145 Ohio App.3d 438, 444.
 {¶ 11} We agree with appellants' argument that they presented sufficient evidence to rebut the presumption of prejudice. The evidence they presented consists of an affidavit signed by Sean Rogers, the driver of the vehicle and the cousin of the deceased. Sean attests to the following facts: (1) he admitted negligence in operating the vehicle, denying any vehicle malfunction; (2) he claims that he was uninsured, unemployed, and that he owned no assets, (3) he was not drinking at the time of the accident; and (4) he has been in prison for seven of the last ten years and has no assets of any value. He also purports to waive any statute of limitations defense on his own civil liability for the accident. This evidence, if believed, would tend to negate any prejudicial effect to Owners of the unreasonable notice because their subrogation rights would have been minimal. See Thompson v. Hartford FireIns. Co., 12th Dist. No. CA2002-11-285, 2004-Ohio-281, ¶ 15. Therefore, appellants have presented sufficient evidence to rebut the presumption of prejudice.
 {¶ 12} However, we conclude that the facts in the record support the trial court's ruling that reasonable minds could only conclude that Owners was prejudiced by the eight-year delay in giving notice, and therefore the trial court did not err in granting Owners' motion for summary judgment. One of the purposes of the notice provision is to afford insurance companies a meaningful opportunity to investigate in order to protect its interests. Ormet Primary Aluminum Corp. v. EmployersIns. of Wausau (2000), 88 Ohio St.3d 292. In this case, the eight-year delay prevented Owners from conducting any sort of meaningful investigation into facts which would have enabled several potential subrogation claims.
 {¶ 13} First, there is evidence in the record that conflicts with Sean Rogers' affidavit, including physical and testimonial evidence that the boys had been drinking prior to the accident. The eight-year delay in notice prevented Owners from conducting any sort of investigation into the allegations of drunk driving.
 {¶ 14} Second, there was some evidence that the individuals who gave Sean Rogers the keys to the vehicle were never identified, preventing Owners from investigating possible claims of negligent entrustment. Also, the owner of the vehicle, Rhett Hause, did not know Sean Rogers at the time of the accident, and Owners was unable to investigate the circumstances which led to Sean Rogers' operation of the vehicle that day.
 {¶ 15} Finally, since the vehicle involved in the accident is not available Owners was denied the ability to have an expert inspect it for possible malfunctions which could have supported a product liability claim against the manufacturer. The only evidence in the record on the condition of the vehicle was the affidavit of Sean Rogers, a person who has not been established as an expert, and one who did not even have a drivers license at the time of the accident. Sean Rogers is not qualified to testify to the mechanical condition of the vehicle, and Owners was denied the ability to conduct any investigation of the vehicle.
 {¶ 16} Based on the foregoing, we agree with the trial court that reasonable minds could come to but one conclusion: that the eight-year delay in giving notice was an unreasonable delay which caused Owners actual prejudice. Accordingly, appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 Cupp, P.J. and Bryant, J., concur.
[1] There is a dispute over whether the grandchildren were living with their grandmother at this time; the record indicates that they would stay some nights with their grandmother, some nights at their mother's house, and other nights with an aunt. However, the issue of whether the grandchildren were covered under the policy with Owners is not at issue in this appeal.
[2] Because the appellants' do not argue that the eight-year delay prior to notifying Owners of the claim was reasonable, we need not decide in this case whether this lengthy delay is unreasonable as a matter of law. However, other courts in Ohio have concluded that delays of this magnitude are per se unreasonable. See Moss v. Marra, 8th Dist. No. 82188, 2003-Ohio-6853, ¶ 13; Makin v. American States Ins. Co., 6th Dist. No. L-03-1216, 2004-Ohio-1335, ¶ 12.